LOCKE LORD BISSELL & LIDDELL LLP
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Suite 800
Los Angeles, California 90071
Tel: 213-485-1500
Fax: 213-485-1200

Thomas J. Cunningham (*pro hac vice*)
tcunningham@lockelord.com
P. Russell Perdew (*pro hac vice*)
pperdew@lockelord.com
J. Matthew Goodin (*pro hac vice*)
jmgoodin@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606
Tel: 312-443-0472
Fax: 312-896-6472

Attorneys for Defendants GMAC MORTGAGE
CORPORATION and GMAC MORTGAGE, LLC

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA and GUADALUPE VELAZQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION, GMAC MORTGAGE, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV08-05444 DDP (PLAx)<br><br>Hon. Dean D. Pregerson<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Stipulated Protective Order is not limited to discovery and is for consideration by the district judge] |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition

theCourt to enter the following Stipulated Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge that, to the extent that submissions containing Protected Material (as defined below) need to be filed with the Court, the Parties shall follow the relevant procedures contained in the Federal Rules of Civil Procedure and the local rules of this Court.

**2.    DEFINITIONS**

2.1.   Party:  any party to the above-captioned action currently pending in the Central District of California.

2.2.   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, deposition or court testimony or transcripts, affidavits or declarations, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.   Confidential Information or Confidential Items:  For the purposes of this Order, "Confidential Information or Confidential Items" means:

(a)    Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;

(b)    Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(c)    Private Consumer Information as defined below in paragraph 2.4; and

(d)    Non-public business or financial strategies, business plans, strategic plans, marketing plans, marketing surveys, and contracts or agreements.

2.4.   Private Consumer Information:  Private consumer information that contains identifying, contact or private financial information provided by a consumer

to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*.

2.5. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.8. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including the attorneys' support staff.

2.10. In-House Counsel: attorneys who are employees of a Party, including the attorneys' support staff.

2.11. Counsel (without qualifier): Outside Counsel and In-House Counsel.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (i) any information reproduced, copied or extracted therefrom, (ii) all copies, excerpts, summaries, or compilations thereof, and (iii) testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material or Confidential Information or Confidential Items. This Order shall be fully applicable to material produced by or testimony taken of third parties or non-parties, and any third party from whom

discovery is sought shall be entitled to designate material and testimony as Confidential Information or Confidential Items pursuant to the terms of this Order.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates Disclosure or Discovery Material as "Confidential" under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate as "Confidential" only those parts of Disclosure or Discovery Material that qualify, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or to have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Producing Party's or a non-party's attention that Disclosure or Discovery Material that it designated as "Confidential" does not qualify for protection, that Producing Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation and must provide copies of the documents and/or materials without the "CONFIDENTIAL" stamp within fifteen (15) days after said notification. In the event that a Receiving Party believes a "Confidential" designation is unwarranted, the Receiving Party must adhere to the provisions of Section 6, *infra*, to resolve the dispute.

///

5.2. **Manner and Timing of Designations.** Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated as "Confidential" before the material is disclosed or produced. Nothing in this Order concerning designation for protection, however, shall be interpreted as controlling the form of production of any material by any Party or non-party.

Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party stamp only those pages of the subject document that contain Disclosure or Discovery Material that qualifies for protection under this order "CONFIDENTIAL." The "CONFIDENTIAL" stamp shall be affixed to materials in a manner which does not obscure any information on the subject documents. If only a portion or portions of the material on a page qualifies as "Confidential," the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must stamp only those pages of the subject document that contain Disclosure or Discovery Material that qualifies for protection under this order "CONFIDENTIAL," consistent with the requirements set forth in the first paragraph of this subpart (a).

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all testimony to be designated as "Confidential." When it is impractical to identify separately each portion of testimony to be designated as "Confidential" or when it appears that substantial portions of the testimony may qualify as "Confidential," the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which a "Confidential" designation will be made. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

In the event that Protected Material is to be disclosed in a deposition as testimony or through an exhibit, prior to making such disclosure, the Party proposing to do so shall inform the witness on the record that the use of such Protected Material is subject to the terms of this Order. If any person other than the witness is present at the deposition and does not come within the categories of persons defined in paragraph 8.2 of this Order, that person shall not be permitted to be present while Protected Material is used during the deposition.

Notwithstanding the terms set forth in this subpart (b), the Producing Party shall have fifteen (15) days from the date upon which the testimony is given to designate said testimony or any portion thereof, including exhibits, as "Confidential." In the event that a Party intends to use portions or excerpts of transcripts prior to the expiration of the fifteen day (15) period, such Party shall give Counsel for the deponent forty-eight hours (48) to designate said testimony or any portion thereof as "Confidential" within the meaning of this Protective Order.

///

STIPULATED PROTECTIVE ORDER

    (c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

   5.3. Inadvertent Failures to Designate or Conflicting Designations. If any Confidential Information or Confidential Item is inadvertently provided to a Receiving Party without being marked as "Confidential" in accordance with this Order, the Producing Party may thereafter designate such materials as "Confidential," and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality. The Producing Party shall notify all Parties in writing of the corrected designation as soon as practicable. Those individuals who reviewed the misdesignated Confidential Information or Confidential Items prior to notice of the misdesignation by the Producing Party shall abide by the provisions of this Order with respect to the use and disclosure of any information contained in the misdesignated Disclosure or Discovery Material after receipt of the notice of misdesignation.

    In the event that a Producing Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The Producing Party shall be responsible for informing the Receiving Party of the inconsistent designation, provided, however, that if any person subject to this Order receives such inconsistently-designated information and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation and shall notify the Producing Party of the inconsistent designation as soon as practicable.

///

**6.      INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

If a Producing Party inadvertently produces information or documents that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information or documents will not be presumed to constitute a waiver of any applicable privileges or other protections.  In these circumstances, the Producing Party must immediately notify all Parties in writing of the inadvertent production and the basis for the privilege or other protection from production and request in writing the return or confirmed destruction of the privileged or protected information.  Within five (5) days of receiving such notification, and in compliance with the Receiving Parties' ethical obligations under the law, all Receiving Parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof.

However, should a Receiving Party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the Receiving Party already had reviewed prior to receipt of the inadvertent production notification, the Receiving Party may temporarily retain one copy of the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted with the Court.  In the event of such a challenge, the contesting party will have the burden of making an appropriate motion to the Court and obtaining a hearing upon such motion.  At such hearing, the Producing Party shall have the burden for establishing the need for the document's confidential or privileged status.  Pending a determination from the Court, the inadvertently produced document at issue shall be treated as Confidential in accordance with the Producing Party's designation pursuant to this Order.  Within two (2) business days of the issuance of a court order deeming the contested document privileged, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.   Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2.   Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Outside Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3.   Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  **Local Rule 37 must be followed.**

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case for the sole purposes of prosecuting, defending, or attempting to settle this action and for no other purposes. Such Protected Material may be disclosed by a Receiving Party only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2. Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a) the Parties and their parents and subsidiaries, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action, provided, however, the requirements of this paragraph 8.2 do not apply to (i) any Parties' receipt of its own Protected Material or, (ii) for any Plaintiff herein, any Protected Material received from a co-Plaintiff in this action or (iii) for any Defendant herein, any Protected Material received from a co-Defendant in this action;

(b) the Parties' Outside Counsel, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

        (c)    the Parties' In-House Counsel and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

        (d)    the Court and court personnel, jury members, deposition officers, court reporters, and videographers used in connection with this litigation;

        (e)    employees of outside copying, printing, binding, litigation support, mediators, computer input services, or other litigation support services vendor or contractor;

        (f)    any person who is an author, original source of information, addressee, or intended recipient of, or who previously had access to, the Confidential Information or Confidential Item;

        (g)    persons who have been retained by any Party (or by its Counsel) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

        (h)    deposition witnesses;

        (i)    potential lay witnesses;

        (j)    any other person as to whom the Party that designated the document or information as "Confidential" has consented to disclosure in advance; and;

        (k)    such other persons as the Parties may agree or may be ordered by the Court.

    8.3.    Prior to disclosure of any material designated "Confidential" to any person described in this paragraph 8.2 subsections (g) through (k) hereof, such person shall be given a copy of this Order and shall sign an agreement in the form of Exhibit A attached hereto. Such signed and completed agreement shall be retained by the attorneys of record for the disclosing Party.

8.4.    Regardless of designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, Counsel may discuss such conduct or statements with such witness without revealing any portion of the Protected Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Order.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Information or Confidential Items, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
2  Protected Material to any person or in any circumstance not authorized under this
3  Order, the Receiving Party must immediately (a) notify in writing the Designating
4  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of
5  the Protected Material, (c) inform the person or persons to whom unauthorized
6  disclosures were made of all the terms of this Order, and (d) request such person or
7  persons to execute the "Agreement to Be Bound by Protective Order" that is attached
8  hereto as Exhibit A.

## 11.   NON-WAIVER

10  This Order shall not be deemed a waiver of: (a) any Party's right to object to
11  any discovery request on any ground; (b) any Party's right to seek an order compelling
12  discovery with respect to any discovery request; (c) any Party's right at any
13  proceeding herein to object to the admission of any evidence on any ground; (d) any
14  privilege or protective doctrine recognized under federal or California law; or (e) any
15  Party's right to claim that any information disclosed in the Court in connection with
16  this litigation is proprietary and/or otherwise barred from disclosure or use for any
17  purpose.

## 12.   FINAL DISPOSITION

19  Unless otherwise ordered or agreed in writing by the Producing Party, within
20  thirty days after the final termination of this action, each Receiving Party must return
21  all Protected Material to the Producing Party at the Receiving Party's expense. As
22  used in this subdivision, "all Protected Material" includes all copies, abstracts,
23  compilations, summaries or any other form of reproducing or capturing any of the
24  Protected Material. With permission in writing from the Designating Party, the
25  Receiving Party may destroy some or all of the Protected Material instead of returning
26  it. Notwithstanding this provision, Counsel are entitled to retain an archival copy of
27  all pleadings, motion papers, transcripts, legal memoranda, correspondence or
28  attorney work product, even if such materials contain Protected Material. Any such

archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 above.

**13.  MISCELLANEOUS**

Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| DATED:  April 17, 2009 | BROWNE WOODS GEORGE LLP<br>   Lee Weiss<br>   Rebecca Tingey<br><br>ARBOGAST & BERNS LLP<br>   Jeffrey K. Berns<br><br>By:   /s/ Lee Weiss<br>         Lee Weiss<br>         Email:  lweiss@bwgfirm.com<br><br>*Attorneys for Plaintiffs Maria and Guadalupe Velazquez* |
|---|---|
| DATED:  April 17, 2009 | LOCKE LORD BISSELL & LIDDELL LLP<br>   Thomas J. Cunningham<br>   P. Russell Perdew<br>   J. Matthew Goodin<br>   Nina Huerta<br><br>By:   /s/ Nina Huerta<br>         Nina Huerta<br>         Email:  nhuerta@lockelord.com<br>                   tcunningham@lockelord.com<br>                   rperdew@lockelord.com<br>                   mgoodin@lockelord.com<br><br>*Attorneys for Defendants GMAC Mortgage Corporation and GMAC Mortgage, LLC* |

**Locke Lord Bissell & Liddell LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 16, 2009

_____
Hon. Paul L. Abrams
United States Magistrate Judge

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges and declares, subject to the penalty of perjury, that he or she has received a copy of the Stipulated Protective Order in the matter of *Maria and Guadalupe Velazquez v. GMAC Mortgage Corporation, et al.*, No. CV08-5444 DDP (PLAx) and has read such Stipulated Protective Order.  The undersigned agrees to be bound by all of the terms of the Stipulated Protective Order, and further agrees that the United States District Court for the Central District of California may exercise jurisdiction over him or her to enforce such Stipulated Protective Order, as necessary.

Dated: _____, 200\_

_____
[Print Name]