O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA and GUADALUPE VELAZQUEZ, individually and on behalf of themselves and all others similarly situated,

Plaintiff,

v.

GMAC MORTGAGE CORPORATION, GMAC MORTGAGE, LLC,

Defendants.

Case No. CV 08-05444 DDP (PLAx)

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MOTION TO AMEND CORRECTED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

[Motions filed on July 15, 2009 and July 16, 2009]

This matter is before the Court on Plaintiffs' motion for leave to file a second amended complaint.[1] After reviewing the submissions of the parties, the Court denies the motion.

**I. BACKGROUND**

On August 19, 2008, Plaintiffs Maria and Guadalupe Velazquez filed this suit against GMAC Mortgage Corporation, GMAC Mortgage, LLC, and other unnamed defendants (collectively "Defendants") on behalf of themselves and all others similarly situated, alleging

[1]After filing a Motion for Leave to File Second Amended Complaint on July 15, 2009, Plaintiffs filed a Corrected Motion on July 16, 2009, which includes exhibits that had been inadvertently omitted. (Docket Nos. 59 & 60.)

that Defendants' actions in connection with the sale and servicing of Plaintiffs' loans violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and raising several state law claims for relief.

Defendants filed a Motion to Dismiss, relying in part on facts unique to the Velazquezes, namely that: (1) the re-finance of their mortgage loan in May 2007 precludes any claim for rescission under TILA, and (2) a one-year statute of limitations bars any claim for damages under TILA.

On December 22, 2008, the Court granted in part and denied in part Defendants' Motion to Dismiss. Velazquez v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049 (C.D. Cal. 2008). The Court granted the motion with respect to Plaintiffs' TILA rescission claim, but denied the motion as to Plaintiffs' claim for damages under TILA. The Court noted that because Plaintiffs may be entitled to equitable tolling, the statute of limitations issue is better suited to resolution on summary judgment. Id. at 1061.

Since the Court's ruling on Defendants' Motion to Dismiss, the parties have engaged in discovery particular to the Velazquezes, for example, with respect to whether equitable tolling applies to their TILA claim. (Opp. 2:10-13.) Defendants have sought information and documents through discovery concerning whom the Velazquezes spoke with regarding their loan, what documents they were provided, what they understood the loan terms to be, and what contact they had with Defendants. (Id. at 2:13-18.) In addition, Defendants have answered written discovery requests relating to the Velazquezes' loan and subpoenaed several third parties with information regarding the Velazquezes' loan. (Id. 2:20-3:6.)

On May 8, 2009, the parties filed a stipulation and proposed order for Plaintiffs to file a First Amended Complaint ("FAC") to substitute Residential Funding Company, LLC, as a defendant for GMAC Mortgage Corp. The Court signed the order on May 14, 2009. (Docket No. 55.) Plaintiffs filed the FAC on May 15, 2009. (Docket No. 56.)

On May 27, 2009, Defendants deposed Maria and Guadalupe Velazquez. (Defs.' Ex. A (G. Velazquez Dep.); Ex. B (M. Velazquez Dep.).) The depositions revealed that Mr. and Mrs. Velazquez: (1) do not speak or read English, and thus did not read the disclosure documents that form the basis of their claims, (Ex. A 10:23-11:3; Ex. B 12:19-23); (2) did not request or receive any Spanish-language translations of any loan disclosure documents, instead relying on a Spanish-speaking mortgage broker to explain the loan terms, (Ex. A 21:11-22:9, 74:25-76, 78:11-79:1; Ex. B 13:11-17, 19:23-20:2); (3) realized the loan terms were not what they expected almost immediately upon repayment and quickly sought to re-finance, (Ex. A 92:10-93:9, 95:7-15; Ex. B 25:25-26:13); and (4) did not meet with their attorneys until the day before the depositions and the day of the depositions, respectively, (Ex. A 108:9-108:13; Ex. B 23:21-24:1.)

On July 16, 2009, Plaintiffs filed this Motion for Leave to File a Second Amended Complaint ("SAC"). The Motion notes that "Maria and Guadalupe Velazquez have elected to withdraw as named Plaintiffs in the action" and requests leave to file the SAC, which: (1) dismisses the Velazquezes from the case; (2) substitutes four new plaintiffs, the Lowerys and the Largents, the latter of whom have no connection whatsoever with Defendants regarding their

loan; (3) adds three new defendants– Countrywide Home Loans and BAC Home Loans Servicing LLP, who allegedly owned and serviced, respectively, the Largents' loan, and Aurora Loan Services, LLC, who allegedly serviced the Lowerys' loan; and (4) revives the TILA rescission cause of action on behalf of the newly-named plaintiffs that the Court previously dismissed with respect to the Velazquezes.

**II. DISCUSSION**

**A. Legal Standard**

Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend pleadings, provides that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave to amend should be granted with "extreme liberality" in order "to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the burden of persuading the Court that leave should not be granted rests with the non-moving party. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987). However, where a plaintiff already has been granted leave to amend, the district court has "particularly broad" discretion in deciding subsequent motions to amend. Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999)).

Leave to amend should be freely given unless the opposing party makes a showing of undue delay, bad faith or dilatory motive, futility of amendment, or prejudice. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). The Ninth Circuit holds that

these factors are not of equal weight. While prejudice is "the touchstone of the inquiry under rule 15(a)," Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003), delay alone is insufficient ground for denying leave to amend, Webb, 655 F.2d at 980. Although delay "is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). A finding of undue delay is justified where the "new facts" underlying the amendment were previously available to the party seeking amendment. Chodos, 292 F.3d at 1003 (affirming denial of motion to amend where "new facts" were available prior to the first amended complaint).

**B. Analysis**

Plaintiffs' justification for seeking amendment at so late a date is that the Velazquezes "have elected to withdraw." (Mot. 3:14-15.) Plaintiffs argue that because the proposed new plaintiffs are similarly situated to the Velazquezes, no prejudice to Defendants will result. (Id. 4:18-21.) In addition, Plaintiffs assert that courts "routinely grant motions to amend in class actions to add or substitute named plaintiffs." (Id. 4:21-22.)

Defendants counter that Plaintiffs are asking for a "fresh start" because "discovery as to the Velazquezes has revealed that not only are they inadequate class representatives, they likely have no substantive claims at all." (Opp. 1:7-9.) Defendants argue the motion should be denied because: (1) leave to substitute named plaintiffs is not routinely granted prior to class certification, (opp. 6:8-9); (2) substituting named plaintiffs would prejudice Defendants; (id. 8:10-11); and (3) undue delay

exists because "the fundamental deficiencies with the Velazquezes serving as class representatives" should have been discovered by plaintiffs' counsel prior to filing the complaint, (id. 9:23-26). The Court addresses each argument in turn.

1. Substitution of Named Plaintiffs Prior to Class Certification

Plaintiffs cite several district court cases for the proposition that "courts routinely grant motions to amend in class actions to add or substitute named plaintiffs." (Mot. 4:21-22.) However, the cases Plaintiffs cite are factually inapposite, as they involve the addition of named plaintiffs after class certification, rather than the substitution of named plaintiffs before class certification. See Palmer v. Stassinos, 236 F.R.D. 460, 464, 466 (N.D. Cal. 2006)(granting leave to add plaintiffs after the court had granted certification in part where the newly-added plaintiffs were the named plaintiffs in a separate action against defendants); Morgan v. Laborers Pension Trust Fund, 81 F.R.D. 669, 673-75 (N.D. Cal. 1979)(granting leave to add plaintiffs concurrently with grant of class certification); see also Gilliam v. Addicts Rehab. Ctr. Fund., 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) (granting unopposed motion for leave to add plaintiff).

It is true that Courts regularly allow replacement of the named plaintiff after class certification. See, e.g., Birmingham Steel Corp. V. Tennessee Valley Authority, 353 F.3d 1331 (11th Cir. 2003) (giving class counsel time to find a new class representative for certified class); Brookhaven Housing Coalition v. Sampson, 65 F.R.D. 24 (E.D.N.Y. 1974) (requiring notice of motion to dismiss

for lack of standing be provided to class members for potential substitution as named plaintiff).

However, the reason substitution is appropriate after class certification is that "once certified, a class acquires a legal status separate from that of the named plaintiffs," such that the named plaintiff's loss of standing does "not necessarily call for the simultaneous dismissal of the class action, if members of that class might still have live claims." Birmingham Steel Corp., 353 F.3d at 1036 (citation omitted). This line of reasoning is inapposite here, where no class has yet been certified.

2. Prejudice to Defendants

Defendants argue that granting leave to amend would result in undue prejudice by presenting "substantial new discovery burdens related to new plaintiffs, new claims, and new defendants" and "moot[ing] the substantial amount of discovery that has already been completed regarding the Velazquezes." (Mot. 9:5-9.)

After almost one year of motion practice, fairly extensive discovery, a motion to dismiss dealing with issues particular to the Velazquezes, and the filing of an amended complaint to add new defendants, Plaintiffs now seek to start anew. Substituting four new named plaintiffs– two of whom have no connection whatsoever to Defendants– would require Defendants to "re-do all of the discovery they already did as to the Velazquezes." (Opp. 4:23-24.) Furthermore, it would mandate "re-explor[ing] the same issues that were already covered with the Velazquezes," including, among other things, the availability of rescission and the impact of the statute of limitations and possible equitable tolling. (Id. 4:27-5:4.)

The Ninth Circuit has affirmed denial of leave to amend where, as here, "[t]he proposed amendment was not based upon any facts which were not known or readily available" and prior extensive discovery was "not directed" to the factual issues raised by the proposed amendment. Komie v. Buehler Corp., 449 F.2d 644, 648 (9th Cir. 1971). Thus, the likelihood Defendants will be prejudiced by the proposed SAC weighs heavily against granting the motion.

3. Undue Delay

Furthermore, the Court is inclined to find that the facts which likely prompted Plaintiffs to seek leave to file the SAC were readily available prior to filing the original complaint. That the Velazquezes do not speak or read English, did not read the disclosure documents before signing them, did not request Spanish translations, and realized almost immediately that the loan terms were not what they had thought are all facts which Plaintiffs knew or should have known prior to initiating this suit. Plaintiffs have offered no justification why it took six months of discovery for these facts to come to light.

Contrary to Plaintiffs' assertion that the proposed amendments are routine, the proposed SAC appears to be"a vehicle to bring an entirely new action against new defendants on behalf of new plaintiffs for business practices that were never mentioned, let alone at issue, in the Original Complaint or the First Amended Complaint." (Id. 5:18-21.) It is perfectly within the Velazquezes' rights to voluntarily dismiss the case, and, of course, Plaintiffs' counsel remains free to file a new case on behalf of the Lowerys and the Largents. But, the Court will not

permit amendments that amount to a "back-door attempt to begin the action anew" where, in all likelihood, "the original plaintiffs were never qualified to represent the class." Lidie v. State of California, 478 F.2d 552, 555 (9th Cir. 1973).

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to Amend Corrected Motion for Leave to File Second Amended Complaint.

IT IS SO ORDERED.

Dated: September 10, 2009

DEAN D. PREGERSON
United States District Judge